Thompson vs. The Milwaukee and St. Paul Railway Company.

THOMPSON vs. THE MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

RAILROADS—DAMAGES : *Construction of railroad over land.—When owner may recover cost of building a retaining wall.—Form of judgment, when company offers to build the wall.*

1. In an action for damages for the construction of defendant's road over plaintiff's lot, where it appeared that the lot needed for its protection, along the line of excavation for the road, a retaining wall, which would cost $100, it was not error to reject defendant's offer to show that such wall was necessary also for the security of its road bed, and that its engineer had been directed to construct the same, and had got the stone ready, and was about to do the work ; although defendant offered, in connection with this proof, to file a stipulation that it would build such wall, and that in case it failed to do so, the verdict in this action should not impair plaintiff's right to recover in another action the expense of building it.

2. Plaintiff could not be turned over to another action to recover the full amount of the damage which had accrued to his lot from the building of the road ; especially where defendant's stipulation did not limit any time within which it should build such wall.

3. It might have been a proper exercise of its discretion, for the court, upon a proper application therefor, to have directed in the judgment that the collection of the $100 should be stayed, if defendant, *within a time limited,* should construct such a wall.

4. But a motion for a direction in the judgment staying indefinitely the collection of the $100, to enable defendant to build the wall, was properly denied.

APPEAL from the Circuit Court for *Dane* County.

Action for damages resulting to plaintiff's land from the construction of the defendant's road across the rear end thereof, abutting upon Lake Monona, in the city of Madison. It appeared that defendant had cut away the bank of the lake on said lot several feet,

and that a retaining wall would be necessary to pre-serve the bank as thus altered. The court ruled out evidence offered by defendant to show its readiness and intention to contruct such a wall for the protection of its road. The jury found the value of the strip taken to be $25; and the damages to the rest of the lot to be $300, including therein $100 as the cost of building a retaining wall. Defendant moved for a new trial, and also for a special direction in the judg-ment that if defendant should build such retaining wall, plaintiff should only recover $225, and that the collection of the $100 allowed for building such wall should be stayed, to enable defendant to build it. Both motions were denied; and defendant appealed from a judgment upon the verdict.

*Hopkins & Foote* and *George B. Smith,* for appellant, referred to their brief in the case of *Price v. M. & P. du Ch. Railway Co., infra.*

*Gregory & Pinney,* for respondent, cited 1 Redfield on Railways, 263, note 3, 290; *Butman v. Railway,* 27 Vt. 500; *B. & S. Railway Co. v. Compton,* 2 Gill, 20, 28; *Kyle v. Railway Co.,* 2 Barb. Ch. 489; *Aldrich v. R. R. Co.,* 1 Fost. 359; 51 Me. 215.

CoLE, J. We do not think there was any error in excluding the evidence offered on the part of the de-fendant. The offer was to show that it was necessary for the security of the road-bed, and the safe operation of the road, for the company to construct on the bank of the plaintiff's lot a retaining wall; that the com-pany had instructed its engineer to construct such a wall to protect the plaintiff's lot, had got the stone ready for the purpose, and was about to do the work. Now what could have been the object of this testi-mony? Obviously to lessen the plaintiff's damages by the amount which it would cost to build this retaining wall. And yet it was a conceded fact that a retaining wall was necessary to protect the plaintiff's lot from

injury. The charter of the company requires it to pay the value of the land taken for the use of its road, and also the damage or injury which the owner shall or may sustain by reason of the taking and using his land for that purpose. Chap. 75, P. & L. Laws of 1860. In consequence of the company running its road across the plaintiff's lot in the manner it did, it became absolutely necessary, for the protection of his property from further injury, to build and keep up a retaining wall. This was a part and parcel of the damages which he had sustained by reason of the taking of his property. It is true, it was proposed to show that a retaining wall was necessary for the security of the road and its safe operation by the company. But it appeared that several daily trains had been regularly run over the whole length of the road for a period of five months when the trial was had. The company might continue to operate its road without the retaining wall, as it had done. And yet, because the witness, who was a foreman in charge of the work of the company, might think a retaining wall necessary for the safety of the road, and because the company had instructed its engineer to build such a wall on the bank of the plaintiff's lot, and materials had been provided for the purpose, it was proposed to diminish the compensation for damages which had already resulted to the plaintiff from the taking of his land, by the amount which it would cost to build the retaining wall. We are at a loss to perceive upon what legal principle such a claim for the reduction of the plaintiff's damages can be sanctioned. The case of *Mason v. Woonsocket Union R. R. Co.*, 4 R. I. 377, is referred to as sustaining the position that the company should be allowed the expense of building the wall. But that case is clearly distinguishable from the one before us. In that case, where the damages were assessed prospectively, and before the road was built, for injuries to land located by a railroad track, it was held competent for the com-

pany to show by experts the necessity upon the company to place a culvert through its embankment at a particular point to save the embankment, by way of answer to a claim for damages, on account of the prospective stopping up of certain drains at the same point by the embankments of the road, which drains were necessary to free the land of the claimant from water. From such evidence the jury might presume that if the embankment was made at all, it would be provided with the necessary culverts,. so that the water would be carried off the claimant's land as effectually as by the drains he himself had constructed. In this case it is not prospective damages which are assessed arising from some assumed manner of building the road. The road has been built, the plaintiff's land has been taken for the use of the road; and in consequence it is necessary for the protection of his property that a retaining wall should be constructed. In the language of the charter, it is a part of " the damage or injury which the owner has sustained by reason of the taking and using his property by the company."

It is true, the defendant further offered to file, in connection with this proof, a stipulation that it would build a retaining wall along the plaintiff's lot, and that the verdict in the case should not affect, bar or impair his right to recover the expense of building the wall in another action in case the defendant did not build it. But it is manifest that this was merely denying the plaintiff the right to recover the damages which the law gave him in consequence of the taking of his land and the construction of the road across his lot, and turned him over to another action in case the company did not build the wall. The plaintiff, however, was entitled to recover the whole amount of damages which he had sustained, without the expense of another lawsuit. Upon a proper application it might have been a reasonable exercise of discretion on the part of the circuit court to have made a special direction in the

judgment, that, in case the company built a proper retaining wall within a brief period, then the collection of a $100—the amount which the jury found it would cast to construct the wall—should be stayed. I very much doubt about the company being entitled to any such direction in the judgment as a strict matter of right, but it might not have been an unwarranted exercise of discretion on the part of the court to have made it. The company did ask for a new trial because the verdict was against the evidence, and for a special direction in the judgment that if the company built the retaining wall the plaintiff should only recover $225, and that the collection of the $100 be stayed in order to enable it to construct the wall. This motion was denied, and properly so. There was no ground for granting a new trial. And the company did not stipulate any time within which it would build the wall, providing the court would stay the collection of the $100. The court certainly would not have been justified in granting such a stay indefinitely. It should only have granted it upon condition that the company constructed the wall within a reasonable time. And the company should have accompanied its motion for a stay with a stipulation that if the stay was granted, it would build a suitable retaining wall within a definite time, or such period as the court might fix in its order. But no such proposition was made upon the motion, and the court was clearly right in refusing to grant the special direction asked by the company.

On the whole case we think the judgment is right and must be affirmed.

*By the Court.*—Judgment affirmed.

PAINE, J., did not sit in this case.