# CHARLESTON

## COTTS v. WHEELING & ELM GROVE R. R. Co.

Submitted June 15, 1907.    Decided November 26, 1907.

1. EMINENT DOMAIN—*Damages to Access.*

   The right of access to a lot bounding on a public street is a vested property right appurtenant to the lot, and a legal condemnation of a part of the lot for a street railroad includes damage to access to the residue of the lot, and the owner of such residue can not recover for damage thereafter done to such access from the lawful operation of the railroad. (p. 41.)

2. SAME—*Damages.*

   A lawful condemnation of part of a lot in a city for a street railroad covers all damage thereafter occurring to the residue of the lot from the proper and lawful construction and operation of the railroad. Mere change of the size of cars used, proper for the convenient carriage of passengers, will not call for damages. (p. 43.)

3. SAME—*Who Entitled to Damages.*

   Where damage to a lot bounding on a public street comes from the proper construction and operation of a street railroad in it, the owner at the time of construction may recover damage therefor, but not a subsequent owner. (p. 42.)

4. SAME—*Elements of Damage.*

   Recovery of damages for land actually taken for, or damaged by, the construction of a public railroad mentioned and discussed. (p. 41.)

Error to Circuit Court, Ohio County.

Action by W. J. Cotts against the Wheeling & Elm Grove Railroad Company. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

W. E. KRUPP and ROBERT WHITE, for plaintiff in error.
HENRY M. RUSSELL, for defendant in error.

BRANNON, JUDGE:

The Wheeling and Elm Grove Railroad Co. was granted leave by the City of Wheeling to lay its tracks along McColloch street, and did lay its track there. Later the city gave the company leave to occupy Baker street with its track. Baker street does not intersect McColloch street at right angles, but their junction forms an acute angle, shaped like the letter V. The ordinance of the city granting leave to lay the track in Baker street provides that the track shall connect with the McColloch street track where the center of Baker street meets the McColloch street track. The acute angle so formed by these streets was occupied by a lot of land, abutting on both streets. The lot was shaped like the letter V. The railroad company laid its track in Baker street, but it did not join the McColloch street track where the center of Baker street comes to the McColloch street track; but commencing at a point on the McColloch street track some distance from the point where the center of Baker street meets the track on McColloch street it laid its track by a curve from the McColloch street track into Baker street; thus somewhat departing from the location fixed by the city ordinance. In making this curved track it became necessary to occupy the acute point of said lot, at the acute angle of the V, and the railroad obtained by condemnation a small portion of the lot of land at that acute angle. W. J. Cotts owns the residue of said city lot. On it he erected a building for a storehouse and residence fronting 25 feet on McColloch street and 25 feet on Baker street with entrances on both streets. This building runs along the line of the portion of the lot condemned by the company. It was built after the construction of the curved track. The said curved track, passing over that curve, passes over the sidewalks on those streets, one of the rails invading the sidewalk lying along the portion of the lot owned by Cotts, and the cars in passing hang still more over the sidewalks, bringing the cars within six feet at one point and ten feet at another of Cott's house and lot, leaving only a small portion of the sidewalk between the cars and plaintiff's lot free from the cars. Cotts brought an action against the company to recover damages for injury to his house and lot from the operation

of the street cars, owing to such occupation of the sidewalk, rendering access to his property inconvenient and dangerous and injuring the value of the house for store and residence purposes. The court sustained a demurrer to the declaration, and amendment not being asked, the court rendered judgment for the defendant, and Cotts brings the case to this Court.

Counsel for Cotts state the proposition that an owner of a lot bounding on a public street has the right to use the street for access to his lot, and that this right is appurtenant to his lot, and that for deprivation, total or partial, of such access, the lot owner may recover damages. There can be no denial of this proposition, if the deprivation be unlawful. We said in *Pence* v. *Bryant*, 54 W. Va. on p. 270, that many cases hold this right of access to be vested property right annexed to or inhering in the lot. So it is treated in *Stewart* v. *Railroad Co.*, 38 W. Va. 438. Were this right of access not a vested property, no action would lie for injury to access; but many of our cases give action in such case. This right of access so being a property right appurtenant to the lot, a part of its ownership, when this railroad company condemned a portion of the lot the compensation paid for not only the part of the lot actually taken, but also damages to the residue of the lot, including damage to such right of access; for it is plain that in assessing damages to the residue of a lot or tract any interference with access to the residue left to the owner must be taken into account, since there is not a more vital interest connected with that residue than such right of access and right to light and air. *Richmond etc. Co.* v. *Chamblin*, 100 Va. 401; 10 Am. & Eng. Ency. L. 1169; 15 Cyc. 746. The statute requires the assessment of compensation to cover all assessable damages to the residue of the lot. This damage was satisfied by payment to the man who owned the lot at the date of condemnation, and for all time, and neither he nor subsequent owners can recover damages for injury to this right of access. As stated in *Watts* v. *Norfolk, & W. R. Co.*, 39 W. Va. 196, the sum of compensation is "to cover past, present and prospective damages to such residue that are the natural, necessary or reasonable incidents to the work." Lewis on Eminent Domain, sec. 565, so states the law.

But the effort of counsel is to say that as the track was not laid in the exact location fixed by the city ordinance, the curved track is wholly a nuisance, unauthorized by the city ordinance. We regard this as an immaterial matter in this case. Say that this change of location inflicted injury upon the part of the lot not condemned. That injury was paid for by the compensation assessed. That compensation took in the very damage flowing from the change of location. The city might complain; but so far as Cotts is concerned the wrong, if any, of departure from the location fixed by the ordinance was paid for. In fact, it may be seriously questioned whether the real intent of the council of Wheeling was to fix the location in the center of Baker street where it meets the McColloch street track. Surely we may say that the intent was to let the company so connect its tracks in those streets that cars could pass from the one to the other street, and this could not be done if the location made by the ordinance for the Baker street track should be rigidly adhered to. To enable cars from one street to pass into the other would require a turntable right in the center of McColloch street, which was never designed.

Another obstacle in the way of recovery by Cotts lies in the fact that when th Baker street track was laid down and the damage done by the invasion of the sidewalks Cotts was not owner of the lot. He acquired the residue of the lot five years later. His counsel, to avert this trouble, say that the damage is continuous, from time to time, every day's operation of the railroad calling for damages, and every successive owner of the lot is entitled to sue. It is very clear that a public railroad is, in its nature, a permanent structure or thing, and that any damage to adjoining property from its construction is, in its nature, a permanent damage to be reckoned for at the time when it is inflicted. Our cases say so. They say that when a permanent structure is made the damage to land therefrom is a permanent damage, occurring at once, and the owner must sue once for all for permanent damage, and one recovery bars any future recovery. Where there is condemnation by legal proceedings, the compensation assessed covers damages through all time flowing from the proper exercise of the franchise, as stated above. Where there is no condemnation by law, but consequential damages

from the railroad, the land owner may recover damages, and his recover gives license and right to continue the operation of the road through all time, and there can be no future recovery for damages afterwards sustained from the lawful operation of the road, because the damage is in nature permanent. If this were not so, when would the liability end? Never. The point is, that if the structure and consequent damages are permanent in nature one recovery answers for all time. Our cases so hold in consonance with general law. *Guinn v. Railroad*, 46 W. Va. 151; *McKensie v. Railroad Co.*, 27 *Id.* 306, and citations; *Watts v. Norfolk Co.*, 39 *Id.* 196, and citations; *Virginia Hot Springs Co. v. McCray*, 56 S. E. 216. Even where without legal condemnation a railroad is built on land, without the consent of the owner, the owner may waive condemnation and let the company build the road, and treat the taking of the land actually taken and occupied by the road as a taking under eminent domain, and recover compensation for the land actually taken and damages resulting to the residue. The opinion by Judge Holt in *Stewart v. Ohio River R. Co.*, 38 W. Va. p. 446, so holds, citing 112 U. S. and other authorities. *Johnson v. Parkersburg*, 16 W. Va. 420, holds that as the Constitution prohibits damage to property from a public work without compensation, therefore action lies for such damage. So, the Constitution says that private property shall not be taken for public use without compensation, and on similar principles action would lie by the owner for the land actually taken. Such recovery would, of course, give title to the right of way. He who owns the land at the time of construction of the road may thus sue for damages to the residue of the tract, and his recovery once is for all time, and makes good the right to continue the operation of the road. But this is a right to a personal action, a money demand, and if he does not sue, the right does not pass to his alienee. The damage is permanent and done at once to him then owning the property. Hence Cotts cannot sue for this permanent injury.

The plaintiff's house having been erected during his ownership, the declaration goes for damages to it, especially damages caused by jar from the passing of street cars close to it. He erected the house after the road was built. The com-

pensation paid, covering future damages, as above stated, included this damage. The declaration also goes for damages from the use of wider and heavier cars than those originally used, they overhanging the pavement more. Is it possible that when once land is condemned for a railroad a mere change in the size of cars will call for additional damages? The proposition itself suggests its own refutation. Lewis on Eminent Domain, sec. 565, says: "It is a doctrine often repeated in the decisions, that the damages must be assessed once for all, and that when once assessed according to law they include all the injuries resulting from the particular appropriation and from the construction and operation of the works in a reasonable and proper manner for all time to come. * * * * The assessment is final and conclusive for all damages accruing to the owner from any and every physical effect from the construction and use of the canal, whether the same were clearly to be seen and easily to be estimated before the construction of the canal, or whether they were uncertain and doubtful results from such construction. * * * * He whose land is taken for a railroad is to be equally protected. He is to receive all that equity and justice require, when the nature and extent of the property and rights to be affected are considered. The corporation acquire the right to construct their road in any suitable and proper manner, for their own convenience and public accommodation, and the right to vary and change that construction, within the established limits of the road, from time to time, forever, until the State resume the right and privilege of the corporation, or until the charter be altered, repealed or annulled. Accordingly, the commissioners or jury should take into consideration and appraise all damages, direct or consequential, present and prospective, certain and contingent, which may be judged by them fairly to result to the landowner by the loss of his property and rights, and the injuries done thereto. * * * * And, for any loss or injury which results from building the road in a suitable and proper manner, the land-owner can maintain no action against the company; the whole matter is concluded by the award of the commissioners or the verdict of the jury on appeal." "Compensation for all such damages, present and future, should be assessed once for all." 10 Am. & Eng. Ency. L. 1173.

For these reasons we affirm the judgment.

*Affirmed.*