# CHARLESTON.

MONONGAHELA VALLEY TRACTION CO. v. WINDOM *et al.*

Submitted April 25, 1916.   Decided May 16, 1916.

1. JUDGMENT—*Splitting Causes of Action—Eminent Domain.*

   In eminent domain, the damages must be assessed once for all. When lawfully assessed, they include all injuries resulting from the particular appropriation and from the construction and operation of the utility in a reasonable and proper manner ever there-after; and the owner is precluded from the maintenance of a separate action to recover damages arising from such lawful and proper construction and operation.  (p. 391).

2. EMINENT DOMAIN—*Compensation—Measure.*

   In determining the amount of such compensation, it is proper for the commissioners or the jury to consider the nature of the improvement, the manner in which it is made, the character of the tract of which a part is taken, the situation of such part with reference to the residue and the effect of the severance thereon, including the loss of lateral support. It is proper also to include in the award the expenses necessarily incurred or to be incurred by the owner, on account of the improvement, to preserve the property not taken and render it fit for use and enjoyment. (p. 392).

3. SAME—*Condemnation Proceedings—Review—Amount Awarded.*

   Where in a condemnation proceeding the jury have viewed the premises, their award of compensation will not be disturbed merely because a few of the many witnesses for the landowner, although as residents in the community they had known the property for a considerable time, did not possess any special qualifications to speak of values or the consequences of the appropriation. (p. 394).

Error to Circuit Court, Harrison County.

Action by the Monongahela Valley Traction Company against Cora Windom and others. Judgment for defendants, and plaintiff brings error.

*Affirmed.*

*Will E. Morris* and *Davis, Swartz & Templeman,* for plaintiff in error.

*Smith & Jackson* and *Harvey F. Smith,* for defendants in error.

LYNCH, JUDGE:

By the condemnation proceedings brought here by it on writ of error, the Monongahela Valley Traction Company acquired an easement of way through lands owned by Cora Windom in Clarksburg, for the purposes of its railroad operated between that city and Weston. The company had already completed its road and was operating it through her lands when the trial was had. The commissioners appointed to assess damages awarded the owner the sum of $1040 as compensation for the land proposed to be taken. To this award she excepted, and the jury convened to determine the value of the land appropriated and the injury to the residue returned a verdict for $1750, upon which the trial court entered judgment.

The Windom property consisted of three lots, used together as one, lying in a right-angled triangle formed by Summit Court street and Elk creek. Upon the lot practically level, defendant located and constructed her residence. The other lots lie between it and the creek, and form a sloping area from the dwelling to the stream. Plaintiff's road follows the creek, and cuts through the lower lots. On the creek side the right of way takes all the land to its channel, and on the other all the slope up to a line varying from two to seven feet of the house, at the nearer corner of which defendant had built a concrete wall for the purpose of leveling the front yard. The track of the road, as actually constructed, plaintiff located upon a cut or excavation through the slope, about twenty feet lower than the ground floor of the house,—thus leaving the hillside from the house to the track steeper than it was before the excavation. At the time of trial, the work done and the operation of the road had caused the earth to corrade and fall, at the corner where the right of way approaches nearest to the residence, leaving the concrete wall exposed and causing it to crack.

The principal contention of plaintiff on this review is that the trial court, in the admission of testimony and the direction of the jury, adopted an erroneous measure of damages, wherefore the sum awarded by the jury in part covered present and prospective injury to the residue of the property, on

the theory that the excavation for the road had partly caused and would in future further cause the slope immediately below the house to disintegrate or subside and so impair or destroy its support. Plaintiff insists that the traction company, by condemnation, becomes owner of the strip taken, with the obligation, among others, of furnishing lateral support to adjoining land, and that a breach of that obligation is a tort for which it should be held liable in damages, not in the condemnation proceeding, but in a separate action after the injury actually has occurred.

Conceding that the verdict did cover, as part of the award, compensation for loss of lateral support of the residence lot, the contention would seem to ignore the important facts proved and also certain well established legal principles governing the allowance of damages in condemnation cases. Apparently, it omits from consideration the fact that at the time of trial of the suit to determine the compensation, the road had already been constructed and then was in operation. It is in its nature permanent and continuing. Its known and fixed character and location do not admit of doubt as to the mode of operation or the natural and probable consequences to adjoining land that will ensue therefrom. Nor is there any averment, proof or claim that the railway was constructed, or is being operated, in a negligent or improper manner.

The general rule in eminent domain is that the damages must be assessed once for all, and that, when lawfully assessed, they include all injuries resulting from the particular appropriation and from the construction and operation of the utility in a reasonable and proper manner ever thereafter; and, as a consistent and necessary consequence, the owner is precluded from the maintenance of any action to recover damages arising from such lawful and proper construction and operation. Hence, in determining the amount of compensation, it is proper for the commissioners or the jury to consider the nature of the improvement, the manner in which it is made, the character of the tract of which a part is taken, the situation of such part with reference to the residue, and the general effect of the improvement on the severance of the tract. It is proper also to include in the award the expenses

necessarily incured or to be incurred by the owner, by reason of the improvement, to preserve the property not taken from further injury and render it fit for use and enjoyment. And the sum awarded as compensation is to cover past, present and prospective damages to the residue that are the natural, necessary or reasonable incidents of the work and capable of ascertainment at the time of its construction. These general principles, applicable here, will be found clearly stated and illustrated in 2 Lewis on Em. Dom. §§711, 819, 821; 15 Cyc. 690, 715, 741; *Cotts* v. *Railway Co.,* 63 W. Va. 41; *Watts* v. *Railway Co.,* 39 W. Va. 199. See also *Godbey* v. *Bluefield,* 61 W. Va. 604; *Harman* v. *Bluefield,* 70 W. Va. 134. Indeed, it is a fundamental rule, in proceedings other than for condemnation, that where the cause of injury is in its nature permanent, and a recovery therefor would confer a license on the defendant to continue it, the entire damage may be assessed and recovered in a single action. *Hargreaves* v. *Kimberly,* 26 W. Va. 787; *Watts* v. *Railway Co.,* 39 W. Va. 197; *Guinn* v. *Railroad Co.,* 46 W. Va. 151. By Lewis on Em. Dom., §711, it is said: ''If the works have actually been constructed before the damages are assessed, it has been held proper to take into consideration the actual condition of the works as affecting the damages. The proper rule would seem to be to assess the damages on the basis of the manner of construction being permanent; also that the works as constructed are properly constructed.''

While in facts dissimilar, *Cotts* v. *Railroad Co., supra,* announces principles applicable to the present case. It was there held that a lawful condemnation of a city lot for a street railroad covers all damages thereafter occurring to the residue of the lot from the proper and lawful construction and operation of the railroad. Plaintiff brought an action against the railroad company to recover for consequential injuries to his house and lot from the operation of its street cars. In denying the right of recovery, this court said: ''When a permanent structure is made the damage to land therefrom is a permanent damage, occurring at once, and the owner must sue once for all for permanent damage, and one recovery bars any future recovery. Where there is condemnation by legal

proceedings, the compensation assessed covers damage through all time flowing from the proper exercise of the franchise.''

That the necessity for the construction of a retaining wall existed and the cost thereof entered into the damages found by the jury, seems obvious; and that, under the doctrine pertaining to the ascertainment and allowance of damages in cases of this character, the carrier is exonerated from further liability therefor, is not susceptible of doubt. Ample and express authority for inclusion, in the damages awarded, of compensation for loss of lateral support of land adjoining that appropriated and the cost of necessary retaining walls to preserve the property will be found in 2 Lewis on Em. Dom. §824; *Thompson* v. *Railway Co.*, 27 Wis. 93; *Mason* v. *Boston*, 163 Mass. 479. · See also *Taylor* v. *Railway Co.*, 38 Mo. App. 668; *Hartshorn* v. *Worcester*, 113 Mass. 111; *Rutherford* v. *Williamson*, 70 W. Va. 408. As the trial proceeded upon the correct theory, the proof introduced was not incompetent, or the rulings on instructions erroneous.

Finally, plaintiff challenged the qualifications of certain witnesses to speak of the necessity or cost of the retaining wall and of real estate values. True, with reference to the wall, they were not trained in the details of expert civil engineering. Their judgment was the judgment of the non-expert class. But they were men whose opinion was entitled to such weight as a practical jury necessarily composed of freeholders should accord to it, and no more. Nor are witnesses acquainted and conversant with the land appropriated incompetent, merely because of lack of extended experience in dealing with real estate, to state the circumstances and respects in which the residue is affected by the taking, and to express their opinion as to the value of the land after completion of the road as compared with its value before the improvement. Whatever may be the rule in other jurisdictions, in this state opinion evidence is commonly received, in condemnation proceedings, both as to the value of the land and the quantum of damages. *Railroad Co.* v. *Foreman*, 24 W. Va. 662; *Kay* v. *Railroad Co.*, 47 W. Va. 467; *Railroad Co.* v. *Buskirk*, 57 W. Va. 417; *Gas Co.* v. *Wilson*, 70 W. Va. 157. As the jury saw the witnesses, heard them testify, observed

the ordeal of a stringent examination conducted by discerning counsel, we can not disturb the result of their finding merely because the witnesses were not specially qualified on the subject matter of their testimony. The soundness of their judgment, when tested by the facts and circumstances detailed by them, was the crucial test. That it was so tested, we must assume. Besides, the jury viewed the premises, saw the situation, and doubtless to some extent relied as well on the result of the view as on the testimony they heard at the bar of the court. They did not adopt either the highest or the lowest estimate of the witnesses, but accepted the medium; and, while the amount found varied materially from that fixed by expert testimony, and may have exceeded the amount of the damages done or that may result, we can not say it is so excessive as to warrant a reversal on any of the grounds so ably urged therefor.

· The judgment will be affirmed.

*Affirmed.*