# CHARLESTON.

FRED G. WOOD v. COUNTY COURT OF WYOMING COUNTY

(No. 5361)

Submitted September 29, 1925.  Decided October 6, 1925.

1.  EMINENT DOMAIN—*If Part of Tract is Taken, it is Proper for Jury to Include in Award, Expense, if any, for Improvement to Fit Residue of Tract for Use and Enjoyment.*

    When a part of a tract of land is taken for public use, it is proper for the jury to include in the award to the land owner the expense, if any, necessary to be incurred by reason of the improvement, in order to fit the residue of the tract for use and enjoyment.  (p. 31.)
    (Eminent Domain, 20 C. J. § 236).

2.  APPEAL AND ERROR—EMINENT DOMAIN—*Proper Criterion as to Value of Land Taken is its Value for Most Advantag-*

*eous Use to Which Applicable; Where Evidence Clearly Preponderates Against Verdict, it Will be Set Aside.*

Point 3 in the syllabus of *Davidson* v. *Ry. Co.* 41 W. Va. 407, and point 3 in the syllabus of *Railway Co.* v *Davis*, 58 W. Va. 620, applied. (p. 31.)

(Appeal and Error, 4 C. J. § 2838; Eminent Domain, 20 C. J. § 228).

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Wyoming County.

Action by Fred G. Wood against the County Court of Wyoming County, to recover damages for taking land by eminent domain. Judgment for plaintiff for less than he asked, and plaintiff brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*J. Albert Toler,* .for plaintiff in error.

HATCHER, JUDGE:

The plaintiff owned a tract of 22.68 acres of comparatively level land in Wyoming County, situate near a mining town. The State Road Commission took 2.01 acres through this tract as a public right of way. The road was built on a fill. In order to procure proper drainage of water which collected on the upper side of the road, the Commission placed 18 inch pipes under the road and dug several ditches from these pipes across the residue of the tract. These ditches averaged a few feet in depth and aggregated 1075 feet in length.

This is an action in assumpsit brought in the circuit court of said county to recover the value of the land taken and the damages to the residue of the tract.

The plaintiff testified that he was familiar with the value of lands in his neighborhood and that the value of the land taken was $1,000.00 per acre. O. L. Collier, a mining engineer of twenty-two years experience, testifying for plaintiff, estimated that the cost and expense of tiling and refilling the ditches on the plaintiff's land would be $2,083.45.

E. W. Worrel, a member of the county court, testified for defendant that he was familiar with the market value of lands in the neighborhood . of plaintiff's tract and that for farm purposes the land in controversy was worth $150.00 to $250.00

per acre and that for building purposes it was worth from $500.00 to $700.00 per acre.

The above witnesses were the only witnesses in the case.

The jury returned a verdict of $1,375.00 for plaintiff, apportioned as follows: $500.00 for land actually taken and $875.00 for damages to the residue of the tract. The court overruled a motion of plaintiff to set aside the verdict so far as it found the sum of $875.00 as damages to the residue of the property. The court then entered a judgment for plaintiff for $500.00 and the plaintiff now prosecutes error here.

The land owner in this case is entitled to compensation for the land taken based on the most valuable use to which the property is adapted.

> "As to the value of the property taken, the proper inquiry is, what is the value of the property for the most advantageous uses to which it may be applied?"
> 58 W. Va. 621.

The plaintiff's property was suitable for and sufficiently close to a mining town to be marketable for lot purposes. The witness for defendant recognized this adaptability, and fixed a minimum value of $500.00 per acre on the land taken. The least value of the 2.01 acres, under the evidence, would therefore be $1,000.00. The finding of $500.00 for the land taken, by the jury, is unsupported by the evidence.

It is apparent that the ditches must be closed in order to render the residue of the tract fit for use. If so the plaintiff is entitled to recover the expenses which will be necessary in order to prepare the property for use.

> "It is proper also to include in the award the expenses necessarily incurred or to be incurred by the owner, on account of the improvement, to preserve the property not taken and render it fit for use and enjoyment."
> *Monongahela T. Tr. Co.* v. *Windom,* 78 W. Va. 390.

The evidence of the witness Collier on the amount necessary to tile and refill the ditches, was the only evidence on

this subject. Collier was a competent witness and the jury had, therefore, no right to disregard his evidence in arriving at its verdict.

> "When the evidence appearing in the record plainly, clearly, and decidedly preponderates against the verdict of the jury this court will reverse the judgment, set aside the verdict, and grant a new trial."
> 41 W. Va. 408.

The verdict in this case being contrary to and against the plain preponderance of the evidence, the judgment of the lower court will be reversed, the verdict of the jury set aside, and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*