STATE OF WEST VIRGINIA,
BY THE STATE ROAD COMMISSION OF WEST VIRGINIA

*v.*

JOSEPH H. EVANS

(No. 10038)

Supmitted September 21, 1948. Decided November 16, 1948.

*Ira J. Partlow,* Attorney General, and *Eston B. Stephenson,* Assistant Attorney General, for plaintiff in error.

*John R. Pendleton,* for defendant in error.

KENNA, JUDGE:

In the name of the State of West Virginia the State Road Commission brought this condemnation proceeding in the Circuit Court of Mercer County against Joseph H. Evans in order to obtain a right of way for the relocation of State Routes 20 and 219 through his residential property on North 4th Street in the City of Princeton. The named routes are now located on Mercer Street but for the purpose of arranging an overhead highway crossing of the tracks of the Virginian Railroad without disturbing the grade crossing of Mercer Street it was decided to abandon the old location of the two State routes at or near North 4th Street and Mercer Street, the new location proceeding at a small tangent and an upgrade across the railroad tracks farther east where it reconnected with the original location of the highway.

To the $6,500.00 award of the condemnation commissioners both the State and the landowner excepted and to a judgment based upon a verdict of $7,500.00 the State was granted this writ of error.

The real estate involved fronts fifty feet on North 4th Street with a depth of 153.1 feet along an alley which is its south line, to its back line which is 75.4 feet in width, bearing north from the alley to its northern line and from there to North 4th Street, the northern line being at right angles with the street line. Its area is 9,737.31 square feet.

The lot was improved by the defendant in 1922. At that time he constructed a brick dwelling with six rooms, a

full basement and an attic and, in 1928, fronting the alley he constructed a 14x18 foot brick garage with a stone foundation, concrete floor and composition roof. The defendant, a bachelor, lived in the house with his mother and seems to have made the yard quite decorative with flowers, shrubbery, fruit trees and cultivated lawn.

The construction line of the easement taken by the Road Commission cuts diagonally across the property of the defendant beginning about the distance from North 4th Street as that of his dwelling and running northeast crossing his northern line approximately thirty feet west of his northeastern corner. The construction line runs within a few feet of defendant's dwelling and causes the easement to take practically all of what may be termed his back yard leaving his dwelling on what may be described as a triangular lot approximately 120 feet deep on its north line and not more than 20 feet deep on the south line. Approximately sixty per cent of his lot's area is taken.

On this writ of error we are not directly concerned with the actual weight of the evidence concerning the total value of the property involved although the testimony of the State and that of the defendant separate quite widely. Apparently the plaintiff in error correctly believes that the verdict settles questions of conflicting testimony no matter how divergent.

The assignments briefed, argued and submitted are: first, that it' was error to permit the plaintiff to testify concerning the cost of replacing his garage which lies entirely within the area taken; second, that it was error to admit testimony concerning the value of a Colorado blue spruce tree lying within the area taken; third, that it was error to refuse the giving of State's Instruction No. 3 and State's Instruction No. 5; and fourth, that the giving of defendant's Instruction No. 1 constituted error.

Of course, under our decisions, the market value of the property taken when nothing remains is controlling. Where a part only is taken there is added to its market

value the market value of the residue immediately before the taking, less its market value immediately after the improvement including all benefits to the land not taken by reason of such improvement. This sum constitutes the measure of damages. The range of relevant testimony in arriving at market value varies according to the circumstances of each case and, in the final analysis, rests largely within the discretion of the trial judge. In some localities sales may be frequent: in others rare. We believe, however, that in any event it is not error to permit a witness to analyze the figure given by him as the market value and in doing so to state his opinion as to the value of the items going to make up the whole. Consequently the cost of reconstructing the garage, by itself and standing alone, would not have been properly admitted as a distinct item of damages. However, as one of the ingredients going to make up market value of property taken, we believe that it was admissible. As a separate element of recovery it should have been excluded, but if used to sustain and bolster evidence of market value given on behalf of the defendant, as here, we believe that its proper relevance is inescapable. The situation is one that the State could have covered by an instruction had it seen fit. As a means of arriving at the market value of the land taken the replacement cost of buildings taken may be shown as enhancing the market value of the land. Except in support of market value its admission is improper in a case in which market value is being considered.

The plaintiff in error depends upon *Gauley and Eastern Railway Company* v. *C. A. Conley, et al.*, 84 W. Va. 489, 100 S. E. 290, where it was held that evidence of the cost of construction of a new barn on another site was improperly admitted as a part of the defendant's case. If both the opinion and the record in the *Conley* case are carefully examined it will be found that there a barn to replace the barn taken had actually been built on another site. Evidence of its actual cost, and not the estimated cost of rebuilding the barn taken in support of the market value of the land taken, was held to be improper.

Here the question did not turn upon the cost of a replacement building actually in existence, but concerned only an estimated value as a factor considered in arriving at the market value of the land taken. We are of the opinion that there was no prejudicial error committed in permitting the jury, in arriving at the market value of the land taken, to consider evidence tending to show as a part thereof the value of the garage taken.

We believe that the foregoing principle controls concerning the evidence of the defendant tending to establish the actual value of the Colorado blue spruce tree growing upon the land taken and that consequently the assignment of error, based upon the admission of that evidence, is not well taken.

As to the errors assigned in the refusal of the trial court to give State's Instructions Nos. 3 and 5, we believe that it is unnecessary to go into detailed discussions of either. Plainly they are both abstract instructions, the one relating to the State's right and the fact that it should not be penalized for its exercise, and the other being merely a theoretical statement of the proper and improper methods of considering specific items of value going to make up the market price, and not confined to the circumstances of this particular case. We are of the opinion that both instructions were properly declined because drawn in the abstract.

The giving of defendant's Instruction No. 1 is assigned as error. The instruction reads as follows:

> "The court instructs the jury that they shall ascertain and award to the land owner what will be a just compensation for the land and property proposed to be taken, and for damage, if any, to the residue of the land and property beyond all benefits to be derived in respect to such residue from the work to be constructed, or the purpose to which the land and property taken is to be appropriated.

> "In determining the amount of such compensation it is proper for the jury to consider the

nature of the purpose to which the land and property taken is to be used, the manner in which it is made, the character of land and property of which part is taken, the situation of such part with reference to the residue and the effect of the severance thereon, and the expenses, if any, necessary to be incurred by the land owner on account of the construction of the road in order to preserve the land and property not taken and fit it for use and enjoyment."

The contention of the plaintiff in error is that since the case of *Monongahela Valley Traction Co.* v. *Windom,* 78 W. Va. 390, 88 S. E. 1092, approved an instruction telling the jury that it may consider the "nature of the improvement", the instruction under consideration is bad because it informs the jury it may consider "the nature of the purpose to which the land and property taken is to be used". Certainly in the future it is to be used as a state highway. We see no error in the jury considering that fact. As to the amount and nature of the traffic on that highway, although fairly far afield, we see no reason why the jury should not also consider that, if in their judgment it would affect the market value of the residue. We are of the opinion that the other objections urged against the defendant's Instruction No. 1, a discussion of which would unduly lengthen this opinion, are also not well taken.

For the foregoing reasons the judgment of the Circuit Court of Mercer County is affirmed.

*Affirmed.*