## THE PITTSBURGH, CINCINNATI, AND ST. LOUIS RAILWAY COMPANY v. KAIN.

EVIDENCE.—*Variance.*—A complaint against the P., C., and St. L. railway company, charging that a railroad corporation known as the C., C., and I. C. railway company killed an animal belonging to the plaintiff, and after the killing consolidated with another railroad company, and is now run and known as the P., C., and St. L. railway company, is not supported by the evidence, if the evidence fails to show the consolidation charged.

RAILROADS.—*Lease.*—*Liability for Torts.*—A railroad company, running and operating a railroad under a lease from another railroad company, cannot be held liable, either at common law or by virtue of the statute, for torts committed by the lessor prior to the execution of the lease.

APPEAL from the Lake Common Pleas.

WORDEN, J.—This was an action by the appellee against the appellant. The complaint charges, that in January, 1868, a railroad corporation known as the Chicago, Columbus, and Indiana Central Railway Company, by her locomotive and cars, ran upon and killed a horse of the plaintiff, in said county of Lake, at a point where the road was not fenced; that after the horse was killed, said last named company consolidated with another railway company, and is now managed and controlled by and under the company name of the Pittsburgh, Cincinnati, and St. Louis Railway Company.

The general denial was pleaded, and the cause was tried by the court, resulting in a finding and judgment for the plaintiff, a motion for a new trial being overruled.

The Pittsburgh, Cincinnati, and St. Louis Railway Company *v.* Kain.

The evidence clearly enough shows the killing of the horse by the Chicago, Columbus, and Indiana Central Railway Company, in the county mentioned, at a point where her road was not fenced; but it entirely fails to show the consolidation charged.

It shows, on the contrary, that the defendant is the lessee of the road-bed, rolling machinery, effects, and franchises of the Chicago, Columbus, and Indiana Central Railway Company, and is running and operating the same. The horse was killed before the making of the lease, and while the road was being operated by the lessor.

Under these circumstances the finding cannot be sustained.

Besides the variance between the proof and the allegation in respect to the relation of one company to the other, which perhaps might have been amended below and be deemed amended here, were there no other objection to the recovery, there is the fatal objection that the proof does not make a case that fixes any liability upon the defendant.

On general principles of law, the defendant cannot, by taking a lease of the road-bed, machinery, franchises and effects of the Chicago, Columbus, and Indiana Central Railway Company, become liable for the torts of the latter company committed before the lease. Nor do we think the statute on the subject of killing animals by railroad companies (3 Ind. Stat. 413) fixes upon the lessee any liability for animals killed by the lessor before the execution of the lease.

The judgment below is reversed, with costs, and the cause remanded for a new trial.

*E. Walker*, for appellant.