## CHARLESTON.

Campbell *v.* Point Pleasant & Ohio River R. R. *et als.*

Submitted January 18, 1884—Decided February 4, 1884.

1. The *syllabi* in *Spencer* v. *Point Pleasant & Ohio River Railroad et al.* approved. (p. 448.)

2. Courts of equity may substitute a bond of indemnity for an injunction, if the ends of justice will thereby be promoted, and especially if any public interest will suffer by continuing the injunction in force pending the litigation. (p. 449.)

3. It is within the ordinary power of a court of equity to accept such a bond when proceeding according to the general principles of equity. (p. 450.)

*George F. Church* and *C. H. Lamison* for appellants.

*Simpson & Hubbard, C. E. Hogg* and *Tomlinson & Polsley* for appellee.

Green, Judge:

The substantial facts in this cause do not differ materially from those in the cause of *Susan V. Spencer* v. *The Point Pleasant and Ohio River Railroad Company et al.*, this day decided by this Court; and the principles of law laid down in the opinion of this Court in that cause must control the conclusions reached in this cause. In this cause the defendants at a term of the circuit court of Mason county on May 19, 1883, moved the court to modify the injunction, which had been awarded, so as to permit said defendants to proceed with the construction of their work theretofore enjoined upon the said defendants executing and delivering their bond with security to be approved by the judge or clerk of the court conditioned that said defendants will pay to the plaintiff all costs and damages, that he may sustain by reason of the construction and erection of their work of internal improvement aforesaid upon and along said Seventh street, which may be awarded against these defendants or either of them, as may be hereafter adjudicated, or that may be agreed upon or settled in any way by and between said plaintiff and

defendants, which motion being argued by the counsel and considered by the court, the court was of opinion to and did overrule said motion.    A similar motion was made and in like manner acted on at the same time in the cause of *Susan V. Spencer* v. *The Point Pleasant & Ohio River Railroad Company et al.*   But in the opinion delivered in that cause by this Court nothing was said in reference to this motion.    I propose now to express my views relative to it.

As we have stated in the opinion in *Spencer* v. *Railroad Company*, as a general rule a party, whose lands have not been taken by a railroad company but merely damaged, has no right to obtain an injunction of any sort against the company restraining it from proceeding with its work on adjacent land.    It is very true a case can be imagined, where the court ought to restrain the company from so proceeding with its work till the damages suffered by a party, whose property is not taken have been ascertained, but, as stated in that case, to justify such injunction the case must be one of extreme wrong, such as where the damages to such party, whose land is not taken, amounts to a total destruction of the value of his property and is the equivalent to him of its being absolutely taken by the company, as in the case of *Mason* v. *The Harper's Ferry Bridge Company*, 17 W. Va. 396.    This is no such case but is a case of no peculiar hardship and, as was shown in the opinion of *Spencer* v. *Railroad*, a party so damaged has not except under very extraordinary circumstances a right to demand his pay for damages, before they are sustained, and has ordinarily no right to have them secured even, before they are sustained.    As the case was not ready for trial when this motion was made, and it was evident that the most that the plaintiff could ask upon the statements of his bill, even if he could ask so much, was an injunction till such time as the defendants gave bond with approved security in a penalty fixed by the court to pay all damages, which the plaintiff should suffer by reason of the building of said railroad in Seventh street in the town of Point Pleasant, therefore the circuit court ought not to have hesitated to make such modification of its injunction-order when asked to do so by the motion of the defendants made on May 19, 1883.    There can be no doubt of its power to make any modification of an

injunction, so as to make it correspond with what the order should have been.

The *Northern Pacific Railroad Company* v. *St. Paul, Minneapolis and Manitoba Railroad Company et al.*, in the circuit court of the district of Minneapolis, reported in the American and English Railway Cases volume 1 page 15, was a case where a railroad company had been enjoined from building its road, which it was proposed to modify by giving bond with security conditioned to pay all damages, which might be awarded or adjudged in favor of the complainant by reason of the construction of respondent's line of railway across that of complainant. The court made an order, that the injunction be dissolved, when such bond with securities should be approved by the judge of this court in the sum of five thousand dollars with above conditions. The court says: "But we are met with a question as to the power of this court in a case of this character to adopt this course. It is not necessary to cite authorities to show that to accept such bond is within the ordinary powers of a court of chancery when proceeding according to the general principles of a court of equity. It is a mode of proceeding not only authorized by the general principle of equity jurisprudence but in common use in the courts of chancery, especially in federal courts. In patent cases for example when it is supposed an injunction to restrain the use of a patented article may operate injuriously, the complainant is protected by a bond to account for profits and pay damages, instead of an injunction."

The circuit court therefore erred in overruling the motion made by the defendants on the 15th day of May, 1883. But no notice of this will be taken in the decree made by this Court as for the reasons stated at length in the case of *Spencer* v. *Railroad* the order made in vacation by the judge on July 16, 1883, refusing to dissolve wholly the injunction which had been granted must be reversed and an order made in all respects similar to the order entered in that cause.

Reversed.