## CHARLESTON.

SMITH v. POINT PLEASANT & OHIO RIVER R. R. Co. *et als.*

Submitted January 18, 1884—Decided February 4, 1884.

1. The *syllabi* in *Spencer* v. *The Point Pleasant & Ohio River Railroad Company et al.*, and *Campbell* v. *The Same* approved. (p. 451.)

2. When a railroad company, by consent of a town-council, is building its road through the streets of a town, and the owner of an adjoining lot seeks an injunction, till a court of equity ascertain the damages he will sustain, giving as a reason for such injunction that the court of common-law will furnish no adequate remedy, as the plaintiff would have to bring repeated suits to recover for the damages he might sustain, as he would recover in any one suit only the damages which he might have sustained prior to the institution of such suit, and on its termination would have to bring a like suit for his damages subsequently sustained, and so on for an indefinite period, this reason furnishes no ground for the interposition of a court of equity, as all damages of a permanent character may be recovered in such case in the first suit at law, and there is not only no necessity for such repeated suits at law, but after such first suit, in which the entire damages are recovered, no second suit could be brought, except to recover damages which did not necessarily result from the building and proper use by the railroad company of its track in such street. A second suit could only be brought for the careless running of cars in such street or for other wrongs done by the railroad company, not including the injury necessarily resulting from the running of its cars in such street, which is the right of the company. (p. 452.)

.*George F. Church* and *C. H. Lamison* for appellant. ·

*Simpson & Hubbard, C. E. Hogg* and *Tomlinson & Polsley* for appellee.

GREEN, JUDGE:

The material facts of this case are the same as those in the cases of *Spencer* v. *Railroad* and *Campbell* v. *The Same*, which have just been decided by this Court; and the decision in those causes must control the decision of this cause, and this Court must render in this cause a decree similar to the decrees of this Court in those causes. There was however one point, which has been in argument urged in all these causes,

which was not referred to in the opinion of the Court in those causes. It is insisted by the appellee's counsel, that this was a proper case, in which to grant an injunction, because from the character of the injury complained of there would be no adequate redress at law, as it was a continuing injury, and the courts of law in actions brought against the railroad company could only give damages for the injury, which the plaintiff had sustained at the time when the action was instituted and to obtain relief he would be compelled, as soon as his first suit was terminated, to institute another for the damages he had sustained since the institution of the first suit, and so would have to go on indefinitely instituting suit after suit; that relief so obtained is utterly inadequate; and therefore equity could properly entertain jurisdiction of the cause, as it could have not only the past damages but also all future damages, which would result to him from the making of the railroad in this street, and which were of a permanent character and affected the value of his lot, estimated and paid in one suit; and then a multiplicity of suits would be avoided.

These views are unsound and are based on a false idea as to the extent, to which a common-law court can furnish redress in the first suit, which the plaintiff might bring against the railroad. In such suit the jury, if the declaration was such as it should be, might and should give damages, which would cover not merely the past damages but all the damages of a permanent character which would result to the plaintiff's lot, including such as would result from the depreciation in the value of his lot in consequence of the building of said railroad in said street; and thus the same extent of relief could be furnished by one suit at law as could be afforded in a suit in equity, so far as ascertaining once for all every permanent injury. No second suit at law would lie to recover damages, which would result necessarily from the running of the cars through said street, because having a legal right to occupy this street and run cars on its track the railroad company would not be liable to be again sued therefor, as they would not by running said cars through said street be committing an act which could be held to be a nuisance. The first suit however to ascertain the permanent injury to the

plaintiff's lot by reason of the building of said railroad in said street and to obtain judgment therefor could be maintained, though the company had committed nothing, which was a nuisance, simply because such suit is authorized, as we have shown in the opinion of *Spencer* v. *Railroad,* by reason of the ninth section of article III. of our Constitution and only by reason thereof.   After this first suit no second suit could be brought against them unless in running their cars through Seventh street they were guilty of negligence, whereby injury resulted or of some wrong.   The simple running of their cars through said street in a careful and proper manner, though it might be a nuisance and loss to the plaintiff, would be no wrong to him, as they would have a right to do so and would have in the contemplation of the law compensated the plaintiff therefor, when they paid the judgment recovered in the first suit.   This principle of law is recognized by the decisions of the courts.   Where the damages are of a permanent character and affect the value of the estate, a recovery may be had in a suit at law of the entire damages in one action.   See *Troy* v. *Cheshire R. R. Co.,* 23 N. H. 101; *Cheshire Turnpike Co.* v. *Stevens,* 13 N. H. 28; *Parks* v. *The City of Boston,* 15 Pick. (Mass.) 198; *Blunt* v. *McCormick,* 3 Denio (N. Y.) 283; *Thayer* v. *Brooks,* 17 Ohio 489.

In such cases it has been held, that the statute of limitations begins to run from the time when the nuisance was created. (*Powers* v. *Council Bluffs,* 45 Iowa 652.)   In that case Adams, J., says: " The plaintiff's damage was susceptible of immediate estimation.   No lapse of time was necessary to develop it.   It was the difference between the value of his lots as it would have been if the ditch had been properly constructed and the value of them as they were with the ditch as it was   *   *   *   *   Successive actions are allowed only when the defendant is continuously in fault."   As examples of cases in which entire damages for such permanent injuries can be recovered in one suit, see specially the case of *Troy* v. *Cheshire R. R. Co.,* 23 N. H. 101; *Anonymous Case,* 4 Dallas (U. S.) 147; and *Tucker* v. *Newman* 11 Ad. & El. 41.   But where the extent of a wrong may be apportioned from time to time, separate actions should be brought to recoveer the damages sustained.

Upon the principles laid down in these cases the plaintiff could recover the entire amount of his damages in one action at law, which resulted from the making of this railroad through this street; and he should so frame his declartion as to enable him to do so, for he cannot maintain repeated actions at law to recover of the railroad company damages necessarily resulting from their running their railroad through said street, for this it has a right to do.

The same character of decree must be rendered by the Court as was rendered in *Spencer* v. *Railroad Co.* and *Campbell* v. *The Same.*

REVERSED.