# CHARLESTON.

GUINN *et al. v.* OHIO RIVER R. Co.

Submitted February 12, 1898—Decided April 1, 1899.

1. RAILROADS—*Eminent Domain—Streets—Abutting Lot Owner.*
    Though a railroad company has authority from a city to build its road in a street, yet it is liable to an adjoining lot owner for damage flowing from its construction and operation.   (p. 153).

2. NUISANCE—*Damages—License.*
    If a private nuisance is of such character that its continuance is necessarily an injury, and is of a permanent character, that will continue without change from any cause without human labor, and dependent for change on no contingency of which the law can take notice, then the damage is original and permanent, and right of action at once exists for recovery of entire damages, past and future; and one recovery is a grant or license to con-

tinue the nuisance, and there can be no second recovery for its continuance. It is otherwise where the damage is not continuous, but intermittent, occasional. or recurrent from time to time. (p. 155).

3. RAILROADS—*Eminent Domain—Streets—Abutting Lot Owner—Damages.*

Where a railroad company builds its road in a street, and thereby injures access to, and damages a lot abutting on the street, such damage is original and permanent, and the company building the road is liable, but a company subsequently leasing and operating the road is not liable, therefor. (p. 155).

4. RAILROADS—*Eminent Domain—Streets—Abutting Lot Owner—Measure of Damages.*

In ascertaining damage to a lot from permanent injury from the construction of a railroad in the street under municipal license, the measure of damage is the difference in the value of the lot immediately before and immediately after its construction. (p 157).

5. RAILROADS—*Eminent Domain— Streets—Measure of Damages.*

In fixing damage to a mill from construction of a railroad in the street in front of it, increased wholesale trade consequent upon increased facility of shipment from it by reason of the road may be set off against loss of local retail trade, in fixing the value of the property. (p. 157).

6. RAILROADS—*Measure of Damages—Verdict.*

If a verdict assessing damages violates the standard or measure of damages given by law, it is against law and should be set aside. (p. 156).

Error to Circuit Court, Cabell County.

Action by Guinn Bros. against the Ohio River Railroad Company. There was judgment for plaintiffs, and defendant brings error.

*Reversed.*

VINSON & THOMPSON, for plaintiff in error.

CAMPBELL, HOLT & CAMPBELL and GEORGE I. NEAL, for defendants in error.

BRANNON, JUDGE:

This action of trespass on the case was brought by Guinn Bros. against the Ohio River Railroad Company to recover damages for injury to a lot of land, and a mill standing upon it, consequent upon the construction and operation of the Big Sandy Railroad along Second avenue,

in the city of Huntington, in front of said property. The jury found for the plaintiffs four thousand five hundred dollars, for which judgment was rendered, and the defendant appeals.

It is well settled in this State that, though a railroad company has legal authority to build a railroad in a street, yet, if the same work injury to an abutting property owner, he may recover of the company damages therefor. *Stewart* v. *Railroad Co.*, 38 W. Va. 438, (18 S. E. 604). The case at once presents a troublesome question. Is the Ohio River Railroad Company liable at all? The railroad was not built by it, but by another corporation, the Lexington & Big Sandy Railroad Company; but by lease or otherwise, it went into the hands of the Ohio River Railroad Company, which was operating it when this suit was brought against it alone. I need not discuss liability for wrongs of lessor and lessee railroad companies under the different forms of the question often arising. Our question is, is the Ohio River Company liable? If we say that the construction and operation of the road in front of the plaintiff's property is a private nuisance it might seem, at first thought, that the Ohio River Company would be liable, on the legal principle that where a lessor constructs something that is a nuisance and the source of injury, and leases his land, and the tenant actively continues the nuisance, both are liable, and, I suppose, either. In such case the lessor originates, and the tenant continues, the wrong. Tayl. Land. & Ten. § 175; Wood, Land. & Ten. § 539; 2 Hil. Torts, 587; 1 Jag. Torts, 223; *Irvine* v. *Wood*, 10 Am. Rep. 603; *Joyce* v. *Martin*, 15 R. I. 558, (10 Atl. 620). See as to liability of lessors and lessees of railroads, note in *Lee* v. *Railroad Co.*, 58 Am. St. Rep. 147 (s. c. 47 Pa. 932). But, on further thought, this does not meet the peculiarity or true nature of this case. The instant the Huntington & Big Sandy Company finished, and began the operation of, this road, the injury to the plaintiff's property was complete, and that injury was not a temporary nuisance, abatable and removable, because the railroad was authorized by the municipal authority to be in the street, and was not a public nuisance, and was thus a permanent structure, affecting permanently the substantial value of the prop-

erty, if in fact it injured it; and right of action at once arose to allow Guinn Bros. to sue the Huntington & Big Sandy Company, and recover once for all entire damages for all future time, and they could not maintain action after action, from time to time, to recover damages occurring from time to time from the continued use of the railroad. *Walts* v. *Railroad Co.*, 39 W. Va. 196, (19 S. E. 521); *Henry* v. *Railroad Co.*, 40 W. Va. 234, 242, (21 S. E. 863; *Smith* v. *Railroad Co.*, 23 W. Va. 451. Now, when this cause of action was complete, it was alone against the Lexington & Big Sandy Railroad Company, and the Ohio River Railroad Company was not then liable to it. Its subsequent lease and operation of the road would not make it liable to that action. True, it continued the operation of the cause of the injury; but it did not assume that action, and the injury giving cause of action was already done. A tenant is not liable for a tort done and completed by the landlord before the lease. A lessee railroad company is not liable for a completed tort of its lessor railroad company. 3 Wood, R. R. 2054; *Railway Co.* v. *Kain*, 35 Ind. 291. Plainly, if Guinn Bros. had sued the Huntington & Big Sandy Company, there would have been a license to use the railroad ever after, and, if the Ohio River Company had then leased it, it would not be liable for continued operation; and, as all it is guilty of is continued operation, I do not see that the fact that suit was not brought against the Huntington & Big Sandy Company would make the Ohio River Company liable, considering that suit could have been brought, as the right of action was perfect. The construction of the road is the wrong of which the plaintiffs complain, and the right of action and limitation upon it began from construction. It is different where the injury and action do not flow from construction, but from some after consequence of it, working injury intermittently and occasionally, recurring at times from negligent contruction, as in *Henry* v. *Railroad Co.*, *supra*, or *Dickson* v. *Railroad Co.*, 71 Mo. 575, (2 Am. & Eng. R. Cas. 538), for diverting a stream by an embankment made in constructing a railroad, and flooding crops from year to year. In that case the opinion seems to concede that where the damage is not occasional and recurrent, but original and

permanent, the lessee would not be liable for continuing the use of the road. In *Powers* v. *Council Bluffs* (Iowa) 24 Am. Rep. 792, the action was against a city, which changed the course of a stream, but did not do so properly, and in time the land of a party was excavated by the action of the water. It was held to be a permanent and original damage, and that action and limitation began when the change of the stream was made, not when the consequential injury, the subsequent excavation of the soil, took place. The court said: "The damage consisted, not in excavating the lots, but in doing an act which resulted in their excavation." The syllabus lays down the true rule: "Whenever a nuisance is of such a character that its continuance is necessarily an injury, and it is of a permanent character, that will continue without change from any cause but human labor, then the damage is an original damage, and may be at once fully compensated, and the statute of limitations begins to run on an action for damages." If the Ohio River Company is liable, when did the statute begin in its favor? Its participation commenced later than the construction. In *Troy* v. *Railroad Co.* (N. H.) 55 Am. Rep. 177, a railroad company destroyed a bridge on a highway, and erected a fence upon it, and the town sued; and it was held that the nuisance was permanent and damages for the whole injury may be at once recovered. I cite these cases to show that similar injuries to that in this case have been held original and permanent; but I may rely on our own case of *Smith* v. *Railroad Co.*, 23 W. Va. 451, for the same purpose, as it was a case of access to a lot injured by construction of a railroad.

Counsel for defendant insist that this is not a nuisance, seeming to think that, if so regarded, its daily continuance would be a cause of action, and make the company liable. If built in the street without authority, the road would be a public nuisance, and, if injuring the plaintiffs, a private nuisance. The town license removed the case of public nuisance, but not that of private nuisance. In this respect it is built as if without authority. *Spencer* v. *Railroad Co.*, 23 W. Va. 406 (Syl., point 6). But, even if a nuisance, above cases show that, if the damage is original and permanent, an action for the total recovery, past

and future, at once lies. It is the nature of the injury, not the name we may give the tort, that rules the matter. It is a wrong or tort, name it as we may. I do not see that the name is important. Wood, Nuis. §§ 865, 869. I have found one case seeming to hold otherwise. *Railroad Co.* v. *Hambleton,* 40 Ohio St. 496, (14 Am. & Eng. R. Cas. 126), holding the company raising grade of track in the street, and the lessee company afterwards operating it, jointly liable to the abutting owner. The raising the grade over the height licensed by the council was treated as an unauthorized act, creating a nuisance, for which both lessor and lessee were liable. There the lessor was a defendant. In this case it is not. It seems to me unreasonable to charge the defendant, the lessee company, with the whole damages to the property. This suit was for permanent injury, and the verdict covers the total damage to the property from the acts of both companies. If the defendant company were liable at all, would it be liable beyond such damages it wrought while operating the road? If the damages are separable, it ought to pay only such as arose during its use; but it seems to me they are not separable, and that the Big Sandy Company is liable, if either is.

There was evidence to show that, owing to the construction of the road, the mill lost some retail trade, but gained in wholesale trade, and that the gain from the latter exceeded the loss from the former. There was opinion evidence pro and con on the question whether the value of the property was as great immediately after as immediately before the construction of the railroad. The property was used solely for mill purposes. The evidence of actual receipts would seem to be a more reliable gauge of value than mere opinion. The verdict of the jury has given me the chief trouble in the case; but, on further consideration, I think the verdict is contrary to the measure or standard of damages set up by law, and it cannot stand. Where a verdict depends upon the weight of evidence and deductions therefrom, or credit of witnesses, it is entitled to great weight, and cannot be set aside, unless very plainly wrong; but where it violates the measure of damages fixed by law, on facts conceded or plainly appearing, it is set aside be-

cause it is contrary to law. Now, the measure of damages is, in such a case as this, fixed by law. If the property, for the purposes for which it is used, is worth as much immediately after as immediately before the construction of the railroad, no recovery can be had. If worth less, the difference between its former and its depreciated value is the measure. *Stewart* v. *Railroad Co.*, 38 W. Va. 438, (18 S. E. 604) *Rowe* v. *Pulp Co.*, 42 W. Va. 551, (26 S. E. 320); *Board of Education* v. *Kanawha & M. Railroad Co.*, 44 W. Va 71., (29 S. E. 503; *Blair* v. *City of Charleston*, 43 W. Va. 62, (26 S. E. 341); *Railroad Co.* v. *Tyler*, 36 Ark. 205 (destroying a mill race in building road without leave). I would incline to think that benefits arising from enhanced facility of transportation, or access to mill, causing additional trade, would be a general, not special, benefit, and not chargeable to the party, as it would not be in condemnation cases (3 Sedg. Dam. § 1229; Mills, Em. Dom. § 152) as in condemnation you ascertain damages to the residue, not charging general benefits, and in an action for consequential damages you ascertain the same thing,—damages to the land. The man specially damaged gets nothing, because the general benefit from the improvement overbalances the injury, and his neighbor not at all damaged is the same. One pays for the other's benefit. I admit, however, that the law is not such in cases of change of grade of street and actions for consequential injury to abutting property. The plaintiff's own evidence showed that his increased wholesale trade oversized loss in retail trade, and, as the property was used only for milling I, cannot see how, on the whole, there was injury; and I conclude that the verdict, in law, violates the proper standard of damage. Reversed, verdict set aside, new trial granted, and cause remanded.

*Reversed.*