COUNTY COURT OF MERCER COUNTY *v.* PRINCETON POWER
COMPANY *et al.*

(No. 7359)

Submitted May 2, 1933. Decided May 9, 1933.

*Walter G. Burton* and *Ajax T. Smith* and *James S. Kahle,*
for appellant.

*H. E. De Jarnette,* for appellees.

HATCHER, JUDGE:

This suit relates to a segment of a public road.  In 1908
the plaintiff, the county court of Mercer County, relocated
and rebuilt the county road passing through the gap of Stony
Ridge.  Where the two roads diverged, the grade of the new
location was about four feet lower than that of the old road,
and a strip of the latter, some four feet in width, and three
hundred feet long, was left intact.  The strip was too narrow
for vehicular travel, but was used occasionally by livestock
and persons on foot in passing to and from the remaining
section of the old road (left open) and several lots abutting
on the strip.

In 1913 the defendant, Princeton Power Company, obtained
a franchise from the plaintiff to construct, etc., an electric

railway upon the public road through the gap. The franchise provided that the railway should not interfere with the public use of the road, and if changes or alterations were made in the road it should be left ''in as good condition as to grade, convenience and distance'' as it was before. The railway was constructed through the gap about 1915. In doing so, all of the above strip of the old road was taken, the bank which retained the strip was cut away, and the public communication between the remaining section of the old road and the above lots was completely terminated. From 1915 until in recent years, no demand was made on either of the defendants for a restoration of that communication. The Power Company sold to the defendant, Tri-City Traction Company.

This suit was instituted in 1930. The plaintiff sought a mandatory injunction to require defendants to restore the strip to its condition prior to 1915, or permission for the plaintiff to do so at the defendants' expense. The circuit court denied the relief sought, and the plaintiff appealed.

A. J. Evans, who was the president and general manager of the Power Company when the railway was built, testified without contradiction that it would be very difficult and expensive to reconstruct the strip as it formerly existed, and such reconstruction would render both the operation of vehicles and the operation of the suburban cars dangerous at that place. He pointed out a feasible route in place of the former strip which could be obtained by condemnation at an estimated cost of $200.00 and suggested that the plaintiff could condemn the route while the defendants could not.

Counsel for plaintiff take the following positions: (1) The use of the old road was never legally discontinued (under Code 1923, ch. 43, sec. 136); (2) it was the statutory as well as the contractual duty of the Power Company to replace the strip, or provide a substitute way; and (3) a mandatory injunction is the proper remedy.

If the first two positions should be conceded, the third does not necessarily follow. A litigant is not entitled to a mandatory injunction as a matter of right. On the contrary, the granting of the injunction is within the sound judicial discretion of the court. In fact, it has been said, the courts are reluctant to exercise the power and they act with caution and

only in cases of necessity or of "very serious or extreme damage." 14 R. C. L. on Injunctions, sec. 15; 32 C. J. on Injunctions, sec. 5; *Wees* v. *Ry. Co.*, 54 W. Va. 421, 430, 46 S. E. 166. Both Ruling Case Law and Corpus Juris concur that a mandatory injunction should not issue where there has been long delay by the party seeking the injunction. The circumstances of the instant suit do not present a necessitous or *very extreme* case. While the delay of some fifteen years may not be a delay which bars the right of the plaintiff in this matter, it assuredly is a delay which, unexplained, should be classified as a long and unreasonable delay in a court of chancery.

In consideration of all which, and of the evidence of Mr. Evans, we cannot say that the circuit court abused its discretion in refusing the injunction and its judgment is affirmed.

*Affirmed.*