WILEY SEVERT, *et. al.*

*v.*

BECKLEY COALS, INC.

(No. 12771)

Submitted May 13, 1969.          Decided July 15, 1969.

Rehearing Denied December 2, 1969.

*Bailey, Worrell, Camper & Viers, Harry G. Camper, Jr., Leo Bridi,* for appellant.

*D. Grove Moler, Kwass, Stone & Blue, Fred O. Blue,* for appellees.

HAYMOND, PRESIDENT:

On this appeal the defendant, Beckley Coals, Inc., a corporation, presently the sole defendant, the other original defendant Mary Ann Coals, Inc., having been dismissed from this action, seeks reversal of a joint judgment in favor of the plaintiffs Wiley Severt and Edna Severt, husband and wife, for $7,000.00 for damages to real estate owned by them, and separate judgments in favor of the plaintiff Wiley Severt for $2,000.00 for personal injury, of the plaintiff Edna Severt for $2,000.00 for personal injury, and of the plaintiff Suzanne Severt, formerly an infant but now an adult, for $1,000.00 for personal injury, in a civil action in the Circuit Court of Wyoming County, West Virginia; and the plaintiffs cross-assign as error the refusal of the circuit court to grant them injunctive relief to prevent the defendant from operating its coal mining facility near the residence of the plaintiffs Wiley Severt and Edna Severt, in the rural community of Pierpoint, in Wyoming County, West Virginia, and to award temporary damages to those plaintiffs. By order entered September 27, 1967, the circuit court rendered the foregoing judgments upon the verdicts of the jury and by its final judgment rendered January 15, 1968, the circuit court overruled the motions of the defendant to set aside the foregoing judgments and to grant the defendant a new trial and also overruled the motion of the plaintiffs for injunctive relief.

This appeal and supersedeas was granted October 14, 1968, upon the application of the defendant.

In their complaint the plaintiffs seek recovery of damages for injury to real estate and personal injuries caused by the negligence of the defendant and by a nuisance maintained by it or, in the alternative, for injunctive re-

lief to enjoin the operation of the coal mining facility of the defendant and an award of temporary damages resulting from such operation.

There is little if any dispute in the material facts and the questions presented for decision are questions of law.

The defendant assigns numerous errors which, as summarized, are (1) the refusal of the circuit court to set aside the verdicts and the judgments upon them because they are contrary to the law and the evidence and without evidence to support them and the refusal to grant a new trial or to enter judgment in favor of the defendant; (2) the admission of certain incompetent evidence offered by the plaintiffs; (3) the giving of Instruction No. 2, offered by the plaintiffs; and (4) the refusal to give certain instructions offered by the defendant.

The plaintiffs Wiley Severt and Edna Severt own jointly Lots 67, 68 and 69 in the small community of Pierpoint, in Slab Fork District, Wyoming County, West Virginia. They acquired Lots 67 and 68 in 1948 and improved them with a six-room dwelling house which they have occupied as a residence. Sometime later they purchased Lot 69. When they constructed their home, and until 1965, according to their testimony and the testimony of numerous other witnesses produced in their behalf, there were no coal, rail or other industrial operations within a quarter of a mile of the Pierpoint community. Prior to 1965, when the defendant began its mining operation there had been a small mine within 150 to 200 feet from the property now owned by the plaintiffs but that operation was discontinued prior to 1948. There were also several small and two large mining operations within a range of a quarter of a mile and two miles from the home of the plaintiffs. The plaintiffs and several witnesses in their behalf testified that none of those operations produced or cast or deposited dust upon their property or other property in the Pierpoint community, although several witnesses in behalf of the defendant testified that

these operations caused the presence of some, though less, dust than that produced by the mining operation of the defendant.

According to the testimony of the plaintiffs and numerous witnesses, the defendant in 1965 began the operation of its mine at a distance of approximately 60 feet from the property line of the plaintiffs and within 120 feet of their home, and installed an exhaust fan, a crusher and belt carrier, and trucks to transport coal, all of which are in constant operation from approximately 6:00 o'clock in the morning until 2:00 o'clock in the morning of the following day and that such operation continues for six days during each week; that these facilities cast and deposit large quantities of black coal dust in and upon the yard and porch, the exterior walls and roof and all parts of the interior of their home, which covers the furniture, clothing, linens, food and other contents of the home, and upon the person of the plaintiffs, which cause them to clean the property and their person oftener than usual and almost continually and produce constant loud and disturbing noise, which disrupts the rest and sleep and disturbs the peace and comfort of the plaintiffs; that the dust has destroyed the paint on the exterior of the dwelling, covers the porch and the yard, destroys vegetation, and prevents the usual and ordinary use of the yard and porch of the home. The evidence that the mining operation of the defendant produces, casts and deposits large quantities of dust in and upon the property of the plaintiffs and upon their person and causes continuous loud noise which disturbs the peace and comfort of the plaintiffs and disrupts their sleep and rest, is not controverted, and the only evidence in behalf of the defendants on that point relates to the amount or the quantity of the dust and such evidence was that the amount or the quantity of such dust was less than that testified to by the plaintiffs and the witnesses in their behalf.

On the question of the alleged negligence of the defendant in the location and operation of its mining facility, there is evidence in behalf of the plaintiffs that the fan

could have been otherwise located and placed at a greater distance from the property of the plaintiffs, but there is also evidence in behalf of the defendant that the fan was placed at the only available location for installation and effective use in connection with its operation. There is also evidence that the defendant operates its mining facility according to approved and generally acceptable mining standards and that it is not negligent in the operation of its facility.

The plaintiff Wiley Severt testified that the operation of the mining facility by the defendant depreciated the value of his residence from approximately $15,000.00 before to less than $5,000.00 after the defendant began its operation, and he testified that he could not give away his property after the defendant started to operate its mining facility. A real estate appraiser, a witness in behalf of the plaintiffs, testified that the market value of the property before the operation of the facility was $13,400.00 and afterwards was $6,400.00. There was also evidence, admitted over the objection of the defendant, that its employees, after the institution of this action, committed various acts which caused damage to the property and disturbed the peace and comfort of the plaintiffs; and the plaintiffs introduced, over objection, evidence to show the effects of such acts. Such evidence included samples showing discoloration caused by the dust, profane utterances by some employees of the defendant, and the use as a toilet facility of portions of the yard of the plaintiffs near their residence.

The evidence is sufficient to submit to the jury the factual questions whether the injuries suffered by the plaintiffs were caused by the negligence of the defendant in locating and operating its mining facility or resulted from the maintenance of a nuisance by the defendant or from both the negligence and the nuisance of the defendant.

Upon the foregoing evidence the jury returned verdicts in favor of the plaintiffs, as previously indicated, upon

which the trial court entered the judgments of which the defendant seeks reversal upon this appeal.

As previously indicated the plaintiffs seek an injunction to prohibit the further operation by the defendant of the coal mining facility and an award of temporary damages for the injuries that have occurred prior to the issuance of such injunction, and they contend that under the evidence adduced upon the trial of this action they are entitled to such injunction and they cross-assign as error the action of the circuit court in denying them the injunctive relief which they seek.

This contention of the plaintiff is devoid of merit.

In the absence of a statute providing an absolute right to injunctive relief, such relief is not a matter of right but its grant or refusal usually rests in the sound discretion of the court to be exercised in harmony with well established equitable principles. 43 C. J. S., Injunctions, Section 14; 42 Am. Jur. 2d, Injunctions, Section 24; *County Court of Mercer County* v. *Princeton Power Company*, 113 W. Va. 617, 169 S. E. 450; *State ex rel. Donley* v. *Baker*, 112 W. Va. 263, 164 S. E. 154. In the *Baker* case this Court held in point 4 of the syllabus that "The granting or refusal of an injunction, whether mandatory or preventive, calls for the exercise of sound judicial discretion in view of all the circumstances of the particular case; regard being had to the nature of the controversy, the object for which the injunction is being sought, and the comparative hardship or convenience to the respective parties involved in the award or denial of the writ."

It clearly appears from the evidence disclosed by the record that the plaintiffs have an adequate remedy at law for the recovery of damages to compensate them fully for the injuries and damages caused by the defendant. The principle is firmly established that equity is without jurisdiction to grant relief by injunction where there is a full, complete and adequate remedy at law; and this Court has repeatedly and uniformly held in many cases

that equity does not have jurisdiction of a case in which the plaintiff has a full, complete and adequate remedy at law, unless some peculiar feature of the case comes within the province of a court of equity. *Campbell* v. *Campbell*, 145 W. Va. 245, 114 S. E.2d 406; *Kwass* v. *Kersey*, 139 W. Va. 497, 81 S. E.2d 237, 47 A. L. R.2d 695; *Backus* v. *Abbot*, 136 W. Va. 891, 69 S. E.2d 48; *Slater* v. *Varney*, 136 W. Va. 406, 68 S. E.2d 757, 70 S. E.2d 477; *Pownall* v. *Cearfoss*, 129 W. Va. 487, 40 S. E.2d 886; *Lake O'Woods Club* v. *Wilhelm*, 126 W. Va. 447, 28 S. E.2d 915; *Irons* v. *Bias*, 85 W. Va. 493, 102 S. E. 126; *United States Fidelity and Guaranty Company* v. *Home Bank for Savings*, 77 W. Va. 665, 88 S. E. 109; *Maxwell* v. *Davis Trust Company*, 69 W. Va. 276, 71 S. E. 270; *Laidley* v. *Laidley*, 25 W. Va. 525. Here the plaintiffs have a full, complete and adequate remedy as indicated by their recovery of substantial damages in the trial of this action and there is no peculiar feature in this proceeding which comes within the province of a court of equity. See also *O'Dell* v. *McKenzie*, 150 W. Va. 346, 145 S. E.2d 388. In the *O'Dell* case the trial court denied the plaintiff's claim of alternative injunctive relief to prevent the casting of waste materials into waters of a creek which dammed the waters and caused intermittent floods upon the land of the plaintiff and in lieu of injunctive relief entertained and recognized the alternative claim of the plaintiff for damages and entered judgment for the damages awarded the plaintiff upon the trial of the action.

The defendant contends that the operation of its mining facility is temporary instead of permanent in duration and that the recoverable coal will be completely mined within an estimated period of 1½ to 2 years from the date of the trial in September 1967. It appears, however, from the evidence that the original estimate of the period within which the recoverable coal would be completely mined was 4 or 5 years from the commencement of the operation which occurred in October 1965 and that 2 years after that date in September 1967 the estimate was a period of 1½ to 2 years if the operation continued with-

out trouble, interruption or delays which could not be definitely anticipated. In short, the remaining period of the operation required to recover all of the mineable coal is of indefinite duration and can not now be fixed or determined.

The controlling question to be determined on this appeal is whether the construction and operation of the mining facility of the defendant are permanent or temporary in character and whether the injury to the real estate of the plaintiffs Wiley Severt and Edna Severt caused by the operation and maintenance of the facility is permanent or temporary in character.

The foregoing questions have been considered and determined in numerous decisions of this Court. *O'Dell* v. *McKenzie,* 150 W. Va. 346, 145 S. E.2d 388; *Malamphy* v. *Potomac Edison Company,* 140 W. Va. 269, 83 S. E.2d 755; *Akers* v. *Ashland Oil and Refining Company,* 139 W. Va. 682, 80 S. E.2d 884; *Jones* v. *Pennsylvania Railroad,* 138 W. Va. 191, 75 S. E.2d 103; *Riddle* v. *The Baltimore and Ohio Railroad Company,* 137 W. Va. 733, 73 S. E.2d 793, 34 A. L. R.2d 1228; *Oresta* v. *Romano Brothers,* 137 W. Va. 633, 73 S. E.2d 622; *Flanagan* v. *Gregory and Poole, Inc.,* 136 W. Va. 554, 67 S. E.2d 865; *Chambers* v. *Spruce Lighting Company,* 81 W. Va. 714, 95 S. E. 192; *Keene* v. *City of Huntington,* 79 W. Va. 713, 92 S. E. 119, L. R. A. 1917F, 475; *McHenry* v. *City of Parkersburg,* 66 W. Va. 533, 66 S. E. 750, 29 L. R. A., N. S., 860; *Guinn* v. *Ohio River Railroad Company,* 46 W. Va. 151, 33 S. E. 87, 76 Am. St. Rep. 806; *Henry* v. *Ohio River Railroad Company,* 40 W. Va. 234, 21 S. E. 863; *Watts* v. *Norfolk & Western Railroad Company,* 39 W. Va. 196, 19 S. E. 521, 23 L. R. A. 674; *Hargreaves* v. *Kimberly,* 26 W. Va. 787, 53 Am. Rep. 121; *Smith* v. *Point Pleasant and Ohio River Railroad Company,* 23 W. Va. 451.

As to the determination whether, in a particular case, damages to real estate are permanent or temporary, this Court has said that the nature of damages to real estate, whether temporary or permanent, is determined by the character of the nuisance to which the land is subjected

and not by the quantity of the resultant damages. *Akers* v. *Ashland Oil and Refining Company*, 139 W. Va. 682, 80 S. E.2d 884; *Jones* v. *Pennsylvania Railroad*, 138 W. Va. 191, 75 S. E.2d 103.

In the early case of *Hargreaves* v. *Kimberly*, 26 W. Va. 787, 53 Am. Rep. 121, a case in which the damages were held to be temporary, this Court, stating the rule for determining whether the damages recoverable for injury to real estate in a particular case are permanent or temporary said in point 9 of the syllabus "Where the cause of the injury is in its nature permanent, and a recovery for such injury would confer a license on the defendants to continue the cause, the entire damage may be recovered in a single action; but where the cause of the injury is in the nature of a nuisance and not permanent in its character but of such a character that it may be supposed, that the defendant would remove it rather than suffer at once the entire damage, which it might inflict if permanent, then the entire damage can not be recovered in a single action; but actions may be maintained from time to time, as long as the cause of the injury continues."

In the later case of *Guinn* v. *Ohio River Railroad Company*, 46 W. Va. 151, 33 S. E. 87, 76 Am. St. Rep. 806, in which the damages were determined to be permanent in character, this Court stated the rule in this language in point 2 of the syllabus: "If a private nuisance is of such character that its continuance is necessarily an injury, and is of a permanent character, that will continue without change from any cause without human labor, and dependent for change on no contingency of which the law can take notice, then the damage is original and permanent, and right of action at once exists for recovery of entire damages, past and future; and one recovery is a grant or license to continue the nuisance, and there can be no second recovery for its continuance. It is otherwise where the damage is not continuous, but intermittent, occasional, or recurrent from time to time."

In *Akers* v. *Ashland Oil and Refining Company,* 139 W. Va. 682, 80 S. E. 2d 884, in which a single negligent act caused permanent injury to real estate which entitled the plaintiff to recover permanent damages, this Court in the opinion said: "In a long line of decisions, beginning with *Smith* v. *Railroad Co.,* 23 W. Va. 450, and including *Jones, et al.* v. *Pennsylvania Railroad, a Corporation,* 138 W. Va. 191, 75 S. E.2d 103, this Court has held that: 'Where the cause of injury is in its nature permanent, and a recovery for such injury would confer a license on the defendant to continue it, the entire damages may be recovered in a single action; but where the cause of injury is in the nature of a nuisance, and not permanent in character, but such that it may be supposed that the defendant would remove it rather than suffer at once entire damages, which it might inflict if permanent, then the entire damages, so as to include future damages, can not be recovered in a single action, but actions may be maintained from time to time as long as the cause of the injury continues.' "

In the leading case of *Keene* v. *City of Huntington,* 79 W. Va. 713, 92 S. E. 119, L. R. A. 1917F, 475, recovery of permanent damages was permitted by the owner of residential property in the City of Huntington for injury caused by a nearby permanent incinerator plant from which offensive odors and smoke were emitted and inorganic matter was cast and deposited upon the property of the plaintiff. After reviewing the authorities relating to the subject, this Court used this language in the opinion: "This review of the authorities indicates the character of injuries to real estate which the courts have construed to be permanent within the meaning of the rule above laid down. From them the rule is deduced that where the injury to real estate is such as to affect its value permanently, permanent damages can be recovered for that injury; or, if the character of the agency, from the operation of which the injury arises, is such that it can reasonably be expected to continue for an indefinite time, and its operation in the ordinary and proper way produces the injury complained of, the plaintiff not only

can, but he must, if he would recover damages at all, sue and recover permanent damages. He can have but one suit for the purpose."

When the damages to real estate are permanent in character, as here, the measure of damages is the diminution of the market value of the property involved. *Konchesky v. S. J. Groves and Sons Company, Inc.*, 148 W. Va. 411, 135 S. E.2d 299; *Malamphy v. Potomac Edison Company*, 140 W. Va. 269, 83 S. E.2d 755; *Akers v. Ashland Oil and Refining Company*, 139 W. Va. 682, 80 S. E.2d 884; *Swick v. West Virginia Coal and Coke Company*, 122 W. Va. 151, 7 S. E.2d 697. In the *Konchesky* case, in which there was permanent injury to real estate, the pertinent part of point 3 of the syllabus is in this language: "The general rule in determining the amount of damages for injury to real property in a case of this kind is to allow the difference between the market value of the plaintiff's premises before the injury happened and the market value immediately after the injury, taking into account only the damage which had resulted from the defendant's acts." In the *Swick* case this Court held in point 3 of the syllabus that "In an action to recover for permanent damage to real estate, the correct measure of damages is the diminution in the market value of the property involved." The proper measure of damages for injury of a permanent nature to real estate is the difference between its market value immediately before the injury and its market value immediately after the injury. 22 Am. Jur. 2d, Damages, Section 134.

It is clear from the evidence that the coal mining facility, whether or not constructed or operated negligently or properly or maintained as a nuisance, is a permanent structure, and, though the estimate by the defendant is that all the coal will be removed within a period of approximately two years, such coal mining facility is a permanent operation because it will continue for an indefinite period and until all the mineable coal is removed and the period required for such removal can

not now be fixed or determined. The operation of the facility is continuous and uninterrupted, and is not intermittent, occasional, or recurrent. In consequence the injury which the construction and operation of the coal mining facility of the defendant caused to the real estate of its owners, the plaintiffs Wiley Severt and Edna Severt, is a permanent injury for which they are entitled to recover entire damages, past, present and future, in a single action. The measure of such damages is the diminution in the market value of the real estate caused by the construction and maintenance of such facility and such diminution is the difference between the market value of such real estate immediately before and immediately after the occurrence of the injury by the construction and operation of such facility.

The evidence of the plaintiff Wiley Severt and of the witness Ellenbogen of the difference between the market value of the real estate of the plaintiffs immediately before and immediately after the occurrence of the injury which has resulted from the construction and operation of the coal mining facility of the defendant was admissible and is sufficient to support the verdict of $7,000.00 in favor of the plaintiffs Wiley Severt and Edna Severt. The evidence also supports the verdicts of $2,000.00 for the plaintiff Wiley Severt, of $2,000.00 for the plaintiff Edna Severt, and of $1,000.00 for the plaintiff Suzanne Severt.

Careful consideration of the action of the circuit court in giving Instruction No. 2, offered by the plaintiffs, and in refusing to give Instructions Nos. 3, 4, 5, 9, 9a, 10 and 13, offered by the defendant, reveals no prejudicial error and such action of the circuit court will not be disturbed on this appeal.

The judgment of the circuit court in denying the plaintiffs the injunctive relief which they seek in this action and the judgments rendered by the court in favor of the plaintiffs and against the defendant, being free from prejudicial error, are affirmed.

*Affirmed.*