**STATE OF WEST VIRGINIA**

**MARKWEST LIBERTY MIDSTREAM & RESOURCES,**
**a Delaware Limited Liability Company,**
**Defendant Below, Petitioner**

**FILED**
**January 24, 2018**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 17-0138 (Doddridge County No. 16-C-56)**

**JAMES T. NUTT,  Trustee of the Tobey Lynn Nutt**
**Declaration of Trust, dated January 28, 2004,**
**Plaintiff Below, Respondent**


**MEMORANDUM DECISION**

The petitioner herein and defendant below, Markwest Liberty Midstream & Resources ("Markwest"), by counsel Carte P. Goodwin, Andrew G. Jenkins, and Kara S. Eaton, appeal an order entered January 12, 2017, by the Circuit Court of Doddridge County. By that order, the circuit court granted James T. Nutt's, Trustee of the Tobey Lynn Nutt Declaration of Trust, dated January 28, 2004 (" the Trust"), motion for preliminary injunction regarding Markwest activities on property owned by the Trust and on which Markwest has certain rights-of-way and easements with respect to natural gas pipelines and electric power lines.  The Trust is represented by counsel, O. Gay Elmore, Jr.  On appeal to this Court, Markwest contends that the circuit court erred in failing to consider and apply the standards for issuance of a preliminary injunction when there was no showing of any irreparable harm, no showing that the damages remedy at law was inadequate, and no balancing of the comparative hardships of the parties.  Additionally, Markwest asserts that the circuit court erred in failing to consider any evidence such that the Trust did not meet its evidentiary burden of proof supporting the issuance of a preliminary injunction.  Finally, Markwest contends that the court erred in granting a preliminary injunction that may require Markwest to violate its legal obligations imposed by third-party governmental regulatory agencies.

Upon our review of the parties' arguments, the appendix record, and the pertinent authorities, we find that the circuit court erred in granting the motion for a preliminary injunction.  Accordingly, we reverse and remand this case. Because this case does not present a new or significant issue of law, and for the reasons set forth herein, we find this case satisfies the "limited circumstances" requirements of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is proper for disposition as a memorandum decision.

1

On October 28, 2016, the Trust filed its verified complaint and motion for preliminary and/or permanent injunction against Markwest. The allegations involve an approximately 319 acre tract of land located in Doddridge County, West Virginia, and owned by the Trust. Beginning in 2011 and continuing into 2014, the Trust and Markwest entered into several agreements whereby, in exchange for monetary consideration, Markwest obtained rights-of-way and easements across the property. It is represented that the Trust uses the property for recreational purposes including hunting and fishing. Markwest is said to be engaged in the gathering, processing, and transportation of natural gas and natural gas liquids in the State of West Virginia including the construction, operation, and maintenance of oil and gas pipelines.

The purpose of the rights-of-way and easements was for the installation of multiple oil and gas pipelines, installation of an electrical line, and the construction of two temporary access roads for constructing and maintaining the pipelines. The agreements entered into by the parties also included reclamation requirements such as restoration of natural elevation and contour, road grading, rocking, stoning, and ditching for usability and the prevention of erosion, burning or removal of timber debris, installation of water bars or culverts, existing road widening, grading of an ATV trail, fencing, seeding with imperial whitetail clover, fertilizing with lime, removal of a tree stand, planting of trees, and other activities. It appears that the initial oil and gas pipeline and roads were built in 2012, a second pipeline was completed in 2014, and the electric power line was completed in 2015. It further appears that Markwest continues to maintain the pipelines and the electric lines and has various legal, regulatory, and other obligations with respect to their maintenance.

As alleged, the dispute involves claims that the reclamation requirements of the various agreements were not performed by Markwest to the satisfaction of the Trust and constituted a breach of the agreements. In its verified complaint, the Trust seeks monetary damages with respect to three counts of breach of contract. Additionally, the Trust sought a preliminary and/or permanent injunction requiring Markwest to "cease any activities, which will cause damage to or alter [the Trust's] property; including but not limited to, digging, excavating, paving, etc., on [the Trust's] property." On November 3, 2016, the circuit court entered a rule to show cause order requiring Markwest to appear and show cause why the relief should not be awarded. Markwest filed a response in opposition to the motion for a preliminary and/or permanent injunction on December 8, 2016, and on December 12, 2016, filed an answer to the verified complaint denying the substantive allegations regarding the claimed breaches of the agreements. Additionally, Markwest filed a counterclaim alleging that the Trust breached the explicit terms of one of the agreements by interfering with Markwest's right-of-way and easement by cutting roads across it, building a permanent structure within it, and by placing a locked gate blocking Markwest's access.

2

A hearing on the Trust's motion for a preliminary injunction was held on December 13, 2016. The Trust had no witness present to testify, presented no evidence, and submitted no affidavits. Markwest had the project manager, who was said to oversee the activities on the property, including the reclamation, present for purposes of testimony and represented it had other evidence to show that certain reclamation such as seeding with clover had in fact been done in accord with the agreements. The circuit court indicated that the way the court viewed the case meant that the issue was not "necessarily an evidentiary issue." Thus, the hearing was not an evidentiary hearing and consisted of presentation of oral argument by counsel for the parties.

On January 12, 2017, the circuit court entered an order granting the Trust's motion for a preliminary injunction. The court indicated that it found the Trust's argument that injunctive relief was necessary to maintain the status quo and prevent spoliation of evidence persuasive. The order did not set forth any analysis other than citing to Syllabus point 2, *Powhatan Coal and Coke Co. v. Ritz*, 60 W. Va. 395, 56 S.E. 257 (1906), *overruled on other grounds by Eastern Associated Coal Corp. v. John Doe*, 159 W. Va. 200, 220 S.E.2d 672 (1975), for the sole proposition that "the function of a preliminary injunction, whether it be prohibitory or mandatory, is to preserve the status quo until, upon final hearing, the court may grant full relief." Additionally, the order included the following language:

> 2. Provided, the defendant may lawfully exercise any rights granted and fulfill any legal obligations imposed by plaintiff or any third party government agency within its legitimate exercise of power so long as the same is not contrary to the injunction granted hereby. In the event the parties cannot agree as to the defendant's activities in this regard, the Court shall make such determination upon proper scheduling and notice.

This appeal followed the entry of the order granting the Trust's motion for a preliminary injunction.

Our review of the circuit court's grant of a preliminary injunction has three parts:

> "'In reviewing the exceptions to the findings of fact and conclusions of law supporting the granting of a temporary or preliminary injunction, we will apply a three-pronged deferential standard of review. We review the final order granting the temporary injunction and the ultimate disposition under an abuse of discretion standard, *West v. National Mines Corp.*, 168

3

W. Va. 578, 590, 285 S.E.2d 670, 678 (1981), we review the circuit court's underlying factual findings under a clearly erroneous standard, and we review questions of law *de novo.'* Syllabus Point 4, *Burgess v. Porterfield,* 196 W. Va. 178, 469 S.E.2d 114 (1996)." Syl. pt. 1, *State v. Imperial Marketing*, 196 W. Va. 346, 472 S.E.2d 792 (1996).

Syl. pt. 1, *Camden-Clark Mem'l Hosp. Corp. v. Turner*, 212 W. Va. 752, 575 S.E.2d 362 (2002). With due regard for this standard of review, we proceed to our analysis of the issues raised on appeal.

This Court has consistently articulated the criteria for preliminary injunction relief stating that

> [t]he customary standard applied in West Virginia for issuing a preliminary injunction is that a party seeking the temporary relief must demonstrate by a clear showing of a reasonable likelihood of the presence of irreparable harm; the absence of any other appropriate remedy at law; and the necessity of a balancing of hardship test including: "((1) the likelihood of irreparable harm to the plaintiff without the injunction; (2) the likelihood of harm to the defendant with an injunction; (3) the plaintiff's likelihood of success on the merits; and (4) the public interest." *Jefferson County Bd. of Educ. v. Jefferson County Educ. Ass'n*, 183 W. Va. 15, 24, 393 S.E.2d 653, 662 (1990) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048, 1054 (4th Cir. 1985))[.]

*State ex rel. McGraw v. Imperial Mktg.*, 196 W. Va. 346, 352 n.8, 472 S.E.2d 792, 798 n.8 (1996). *See also Hechler v. Casey*, 175 W. Va. 434, 440, 333 S.E.2d 799, 805 (1985) ("Injunctive relief, like other equitable or extraordinary relief, is inappropriate when there is an adequate remedy at law."); Syl. pt. 2, *Severt v. Beckley Coals, Inc.*, 153 W. Va. 600, 170 S.E.2d 577 (1969) (recognizing the necessity of a balancing of the comparative hardship or convenience test in light of all the circumstances involved); Syl. pt. 4, in part, *R.R. Kitchen & Co. v. Local Union No. 141, Int'l Bhd. of Elec. Workers*, 91 W. Va. 65, 112 S.E. 198 (1922) (party must demonstrate the presence of irreparable injury as grounds for a preliminary injunction).

The primary argument of Markwest is that the circuit court erred in failing to consider the criteria for issuing an injunction and, moreover, did so in the face of the Trust's

concession that it could not show irreparable harm despite so pleading. In response, the Trust asserts that the matter consists of unique issues regarding preservation of the status quo and the evidence upon the land which renders the matter factually distinct from the majority of cases involving preliminary injunctions.

The perfunctory order granting the preliminary injunction was grounded in the erroneous notion that it is appropriate to issue a preliminary injunction based solely on a simple conclusion that the status quo should be preserved without consideration of the well-established factors for analyzing the necessity of a preliminary injunction. The order correctly cites *Powhatan Coal* in terms of the function of a preliminary injunction being to preserve the status quo. However, correctly recognizing the function of a preliminary injunction does not end the inquiry. Analysis of the need for injunctive relief is still required. It is noteworthy that the Court in *Powhatan Coal* explicitly recognized that preliminary injunctions may be granted in cases of extreme hardship or necessity "when the right at issue is clearly established and the invasion of the right results in serious injury." *Powhatan Coal*, 60 W. Va. at 401, 56 S.E. at 259 (citation and quotation omitted). Thus, in the only authority relied upon by the circuit court, this Court recognized the requirement of an analysis rooted in determining the presence of irreparable harm. Nevertheless, the circuit court failed to consider the presence of irreparable harm or injury.

We observe that the verified complaint alleged that the reclamation efforts of Markwest were substandard and "in many instances cause additional irreparable harm" and that injunctive relief was necessary to prevent irreparable damage to the property. However, at the hearing, the Trust conceded on the record that it was unable to demonstrate the reasonable likelihood of the presence of irreparable harm. Counsel for the Trust remarked that "at this point I have agreed with counsel to drop the aspect of irreparable harm. They kind of beat up on me. I don't think I could prove it here today in light of Mr. Nutt [the Trustee] not being here."

At that point, the Trust abdicated any effort to meet the criteria for issuance of a preliminary injunction. Instead, the Trust argued for preservation of the status quo so that the state of the property would not be altered. However, even if such preservation trumped an analysis of the need for the extraordinary issuance of a preliminary injunction, there was no development of what constituted the status quo. We observe that *Powhatan Coal* also plainly recognized that with the power to maintain by preliminary injunction the status quo, courts must necessarily determine what that status quo is or was. *Powhatan Coal*, 60 W. Va.

5

at 403-04, 56 S.E. at 260. The Trust advanced no evidence regarding the state of the property.[1]

Before this Court, the Trust makes no effort to apply the standard criteria for issuing a preliminary injunction, arguing instead, in summary fashion, that the facts involved are unique. We reject the cursory argument of the Trust. The Trust has wholly failed to meet its burden of demonstrating by a clear showing: (1) the likelihood of irreparable harm to the property; (2) the absence of other appropriate remedies at law in this breach of contract action seeking monetary damages; and (3) that balancing the potential harm to each and the public at large weighs in favor of the Trust. *See Jefferson Cty. Bd. of Educ.*, 183 W. Va. at 24, 393 S.E.2d at 662, and *State ex rel. McGraw*, 196 W. Va. at 352 n.8, 472 S.E.2d at 798 n.8. Moreover, no evidence whatsoever was offered, considered or weighed, in assessing the issuance of the preliminary injunction. This Court has previously announced that a cursory affidavit is insufficient to support the issuance of a preliminary injunction. *See Jefferson Cty. Bd. of Educ.*, 183 W. Va. at 24, 393 S.E.2d at 662. Here, to the extent the verified complaint serves as an affidavit, it was controverted, and, as to allegations of irreparable harm, was disavowed by the Trust. Thus, it is an inadequate vehicle for the Trust to meet its burden of demonstrating the necessity of the preliminary injunction.[2]

Accordingly, based upon the foregoing analysis, we find that the circuit court abused its discretion in the issuance of the January 12, 2016, order of the Circuit Court of Doddridge County granting the preliminary injunction, and, therefore the order is reversed, and the matter is remanded for further proceedings consistent with this Memorandum Decision.

Reversed and Remanded.

---

[1]We observe that the representations of Markwest are to the effect that the condition of the property has been documented through testing, inspections, photographs, and video by both parties. It is stated that the condition of the property is not static due to natural conditions as well as by activities of the Trust and third parties on the property. Markwest contends that the injunction alters the status quo with respect to Markwest's real property rights to the rights-of-way and easements for which it is said to have paid a significant sum represented to approach one million dollars. We do not undertake consideration of the state of the property as the record contains mere representations rather than evidence.

[2]Inasmuch as our analysis compels us to reverse the circuit court's entry of a preliminary injunction for failure to apply the appropriate standard, it is unnecessary for this Court to address the challenges to the order regarding interference with Markwest's legal obligations to third-party governmental regulators.

**ISSUED:** January 24, 2018

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry, II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth Walker